Filed 11/12/15  Zander v. Dowent Family CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| DAVID ZANDER, | B255333 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC485043) |
| v. | |
| DOWENT FAMILY, LLC, | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark Mooney, Judge.  Reversed and remanded.

Rosenbaum & Associates and Paul R. Rosenbaum for Plaintiff and Appellant.

Carlson Law Group, Inc., Mark C. Carlson and Brandon P. Brousseau, for Defendants and Respondents, David Wan, Mandarin Realty Corporation and Raymon J. Wan.

_____

David Zander appeals from the order dismissing his first amended complaint as to David Wan, Raymond J. Wan and Mandarin Realty Corporation (collectively selling brokers) after the trial court sustained without leave to amend the selling brokers' demurrer to the two causes of action (for breach of the covenant of good faith and fair dealing and negligence) in which they were named as defendants. Zander contends the court erred in ruling the selling brokers owed him no duty of care as the proposed buyer of commercial real property and abused its discretion in concluding he had failed to demonstrate how he could amend the pleading to state a cause of action against the selling brokers. Although we agree the demurrer was properly sustained, we reverse the order dismissing the action and remand for the trial court to determine whether Zander's proposed new allegations that the selling brokers made material misrepresentations (either intentionally or negligently) to induce him to open and deposit funds into an escrow account must be disregarded as sham pleadings.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The Agreements for Sale of 3138-3148 West Pico Boulevard*

Dowent Family, LLC (Dowent) owned a three-unit commercial real estate property located at 3138-3148 West Pico Boulevard, Los Angeles. Sahm Orh and Michelle Orh are the owners and managing members of Dowent. In August 2011 Dowent entered into a listing agreement with the selling brokers to sell the West Pico property.

In early January 2012 Dowent entered into a contract to sell the West Pico property to Efpar Development, LLC, for $3.8 million. Escrow was opened with a deposit of $50,000 by Efpar and was initially scheduled to close within 90 days (no later than April 7, 2012). Paragraph 8.8 of the Efpar purchase agreement provided, "The Closing shall occur on the Expected Closing Date, or as soon thereafter as the Escrow is in condition for Closing; provided, however, that if the Closing does not occur by the Expected Closing Date and said Date is not extended by mutual instructions of the Parties, a Party not then in default under this Agreement may notify the other Party,

2

Escrow Holder, and Brokers, in writing that, unless the Closing occurs within 5 business days following said notice, the Escrow shall be deemed terminated without further notice or instruction."

Shortly before the April 7, 2012 deadline for closing escrow, Efpar and Dowent entered into an addendum to their sale agreement that, among other provisions, modified the purchase price to $3,635,000 and extended the escrow closing deadline 45 days to May 22, 2012. Efpar was also given the right to extend the escrow closing deadline for an additional 45 days upon deposit of another $50,000.

On April 16, 2012 Zander entered into a purchase agreement and joint escrow instructions for the West Pico property, expressly identified as "the 1st back up offer subject to cancellation of [the Efpar] escrow #12-57810 with Commerce Escrow Co." The purchase price was $3,660,000 with an initial deposit into escrow of $100,000. The Zander purchase agreement was initially signed by the selling brokers on behalf of Dowent, not by either of the Orhs.

The Efpar escrow did not close on May 22, 2012, and the closing date was not extended by agreement of the parties. On May 24, 2012 the selling brokers sent an email to Efpar's broker that attached a form "Cancellation of Contract, Release of Deposit and Joint Escrow Instructions" signed by Sahm Orh on behalf of Dowent. The cancellation form was also delivered on the same day to Zander. However, the selling brokers told Zander's broker, notwithstanding the cancellation form, Dowent would wait a few days for Efpar to perform. On May 25, 2012 the selling brokers told Zander's broker escrow could open on May 29, 2012.

The Efpar escrow had not closed as of May 29, 2012. According to Zander, on May 29, 2012, David Wan called Zander to his office and informed Zander and his broker that the Efpar escrow had been cancelled and that Zander was the new buyer of the West Pico property. Wan told Zander a "new offer" from Efpar had been received, but assured him Dowent intended to move forward with Zander as the purchaser rather than on the basis of Efpar's new offer. At this point the Orhs had also signed the Zander

purchase agreement and escrow instructions; a new escrow was opened; and Zander deposited $100,000 into the escrow account.

Approximately two weeks later Zander was informed that Dowent intended to proceed with the sale of the West Pico property to Efpar, not Zander. From materials filed in Dowent's bankruptcy proceeding, which are part of the record on appeal, it appears that Efpar and Dowent entered into a second amendment to their original sale agreement on June 7, 2012, which provided for a new closing deadline of June 27, 2012.

2. *Zander's Lawsuit*

On June 14, 2012 Zander filed an action against Dowent for specific performance of his agreement to purchase the West Pico property. Zander recorded a lis pendens, which prevented Dowent from completing the sale of the property to Efpar. On September 28, 2012 the court denied Dowent's motion to expunge the Zander lis pendens. On November 29, 2012 the court denied a new motion to expunge filed by Efpar.[1]

On January 8, 2013 Zander moved for leave to file a first amended complaint. The proposed new pleading added as defendants the selling brokers and Efpar and alleged new causes of action for breach of contract, breach of the covenant of good faith and fair dealing, negligence, intentional interference with contractual relations and inducing breach of contract. The motion was granted, and the first amended complaint was filed on May 2, 2013. Only the causes of action for breach of the covenant of good faith and fair dealing and negligence named the selling brokers as defendants.

As to the selling brokers the first amended complaint described the factual background of the backup offer, the notice of cancellation of the Efpar escrow, the opening of the Zander escrow and the subsequent notice that Dowent intended to proceed

---

[1] On July 24, 2012 Efpar filed its own lawsuit against Dowent and its principals, as well as the selling brokers, seeking specific performance and damages for breach of contract. Efpar also recorded a lis pendens further clouding title to the West Pico property.

4

with Efpar as the purchaser.  Zander alleged, on information and belief, that Efpar had threatened to sue Dowent after the Zander escrow was opened, which caused Dowent to reverse its decision to sell the property to Zander.  Zander also alleged that Dowent, in an attempt to deny its legal obligation to sell the West Pico property to Zander, "used the pretext that Seller Defendants never really meant to 'cancel' Efpar's agreement; rather the Seller Defendants now took the position that Seller Defendants were just trying to 'warn' Efpar that his escrow would be cancelled if Efpar didn't close asap."  Zander alleged, again on information and belief, "that the Seller Defendants' pretext is a fabrication made in bad faith."

With respect to the cause of action for breach of the covenant of good faith and fair dealing, Zander alleged Dowent and the selling brokers unfairly interfered with Zander's right to receive the benefits of the Zander purchase agreement by acting both independently and together to disrupt the contractual relationship between Zander and Dowent.  With respect to the cause of action for negligence, Zander alleged the selling brokers owed him a duty of care in connection with the management and handling of the Zander purchase agreement that they had breached.

3. *The Selling Brokers' Demurrer*

The selling brokers demurred to the first amended complaint and the two causes of action in which they were named.  In their supporting papers the selling brokers argued there was no contract between them and Zander and thus no basis for a claim of breach of the covenant of good faith and fair dealing and, as brokers for Dowent, they did not owe any duty of care to Zander as a potential buyer of the West Pico property.

Following further briefing and a hearing on August 15, 2014, the court sustained the demurrer without leave to amend.  The court's order, filed October 22, 2014, found no contractual relationship existed between Zander and the selling brokers that would support a cause of action for breach of the covenant of good faith and fair dealing and no duty existed between them, and no resulting breach, to support the cause of action for negligence.

5

Zander moved for reconsideration of the court's order with respect to the cause of action for negligence and requested leave to amend the operative complaint to add causes of action for intentional and negligent misrepresentation against the selling brokers. Specifically, Zander proposed adding allegations that Dowent and the selling brokers considered the original purchase agreement and escrow with Efpar to be continuing in effect on May 29, 2012, notwithstanding the May 24, 2012 cancellation notice, and misrepresented to Zander that he was the new buyer, not simply a backup. In support of these allegations Zander provided excerpts from the deposition testimony of Michelle Ohr in which she confirmed the selling brokers had, together with their transmission of the cancellation form to Efpar's broker on May 24, 2012, included an email message that stated, "Enclosed please find the cancellation from the seller. If your buyer [can't] put the money this week to close the escrow on next [T]uesday,[2] I still want your buyer to buy this property. Let me know A.S.A.P."

The court denied the motion for reconsideration on December 16, 2013 and signed and filed its order dismissing the action with prejudice on January 22, 2014. The judgment was amended on February 10, 2014 to add an award of costs to the selling brokers.

4. *The Dowent Bankruptcy*

On February 4, 2013, while Zander's motion for leave to file his first amended complaint was pending, Dowent filed a voluntary chapter 11 bankruptcy proceeding. Dowent asked the bankruptcy court to authorize the sale of the West Pico property to Efpar. The bankruptcy court denied that request and on May 7, 2013 ordered an auction at which both Efpar and Zander would be permitted to bid. Zander was the successful bidder, and sale of the West Pico property to Zander for $3.8 million ($140,000 more than the backup offer) was approved on July 2, 2013. Escrow closed on August 1, 2013.

---

[2] May 24, 2012 was a Thursday. Tuesday, May 29, 2012, was the first business day after the May 28, 2012 Memorial Day holiday.

As a condition for bankruptcy court approval of the sale, Zander released all claims against Dowent in connection with his acquisition of the West Pico property.

**DISCUSSION**

1. *Standard of Review*

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the superior court's ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1100; *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We liberally construe the pleading with a view to substantial justice between the parties. (Code Civ. Proc., § 452; *Schifando*, at p. 1081.)

"'Where the complaint is defective, "[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his complaint, and it ordinarily constitutes an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment. [Citations.]'" [Citations.] This abuse of discretion is reviewable on appeal 'even in the absence of a request for leave to amend' [citations], and even if the plaintiff does not claim on appeal that the trial court abused its discretion in sustaining a demurrer without leave to amend." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 970-971; accord *City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865 [when a demurrer has been sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment; if it can be, the trial court has abused its discretion and we reverse"].)

2. *The Trial Court Properly Sustained the Demurrer to the First Amended Complaint*

Zander does not challenge the trial court's order sustaining the demurrer to his cause of action for breach of the covenant of good faith and fair dealing. However, he argues the court erred in ruling a seller's broker owes no legal duty to a prospective buyer, citing to cases (many, but not all, involving sales of residential property) that hold "where a real estate broker or agent, representing the seller, knows facts materially affecting the value or the desirability of property offered for sale and these facts are known or accessible only to him and his principal, and the broker or agent also knows that these facts are not known to or within the reach of the diligent attention and observation of the buyer, the broker or agent is under a duty to disclose these facts to the buyer." (*Cooper v. Jevne* (1976) 56 Cal.App.3d 860, 866, citing *Lingsch v. Savage* (1963) 213 Cal.App.2d 729, 735-736; see *Holmes v. Summer* (2010) 188 Cal.App.4th 1510, 1520 ["real estate agents or brokers have been held to have a duty to disclose matters that do not pertain to physical defects, but otherwise affect the desirability of the purchase. . . . To impose a duty on the brokers here to disclose information alerting the buyers that the sale was at high risk of failure would be to further the purpose of protecting buyers from harm and providing them with sufficient information to enable them to wisely choose whether to enter into the transaction"]; see also *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 42 [a realtor is under a "fundamental duty" to "deal honestly and fairly with all parties in the sale transaction"].)

This duty of disclosure, however, which is the foundation for an intentional misrepresentation or fraudulent concealment claim (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 868; see *Kaldenbach v. Mutual of Omaha Life Ins. Co.* (2009) 178 Cal.App.4th 830, 850), is quite different from the duty of care alleged in Zander's negligence cause of action. As pleaded, Zander claims the selling brokers failed to properly manage the West Pico property transaction, not that they misrepresented or knowingly concealed material facts. The trial court

8

properly ruled Zander had not alleged any basis to impose such a duty of care on the selling brokers, who acted only as Dowent's agents in their dealings with Zander and Efpar. Accordingly, it was not error to sustain the demurrer to the negligence cause of action.

   3. *Zander Should Be Permitted To Amend His Complaint To Allege Causes of Action for Fraud and Negligent Misrepresentation If He Adequately Explains the Inconsistency with His Prior Pleading*

In his motion for reconsideration in the trial court and again in his appellate briefs, Zander has requested leave to amend his complaint to plead causes of action for fraud and negligent misrepresentation. Specifically, if permitted to filed a second amended complaint, Zander could in good faith allege, in effect, that on May 24, 2012, when the Efpar escrow cancellation form was transmitted to Efpar's broker and delivered to Zander, Dowent in fact did not intend to cancel the Efpar sale agreement and escrow but simply authorized sending the form to motivate Efpar to close escrow quickly; Dowent apparently understood the cancellation form was not effective to terminate the sale agreement unless it was countersigned by Efpar and believed Zander remained in the position of backup purchaser; the selling brokers knew (for the cause of action for fraud) or reasonably should have known (for the alternative cause of action for negligent misrepresentation) of Dowent's intentions and beliefs when they told Zander he was the new buyer and encouraged him on May 29, 2012 to open the Zander escrow and to deposit $100,000 into that escrow; but for the selling brokers' misrepresentations and omissions, Zander would not have continued with the transaction and incurred the costs and expenses of the failed escrow and the ensuing litigation.

Those allegations are sufficient to plead causes of action for fraud and negligent misrepresentation against the selling brokers and, considered in isolation, provide an appropriate basis for granting leave to amend. (See *Schifando v. City of Los Angeles, supra*, 31 Cal.4th at p. 1081 [leave to amend should be granted when the plaintiff has demonstrated a "reasonable possibility" that he or she can amend the complaint to state

9

viable causes of action].)[3]   But they also directly contradict allegations in Zander's first amended complaint that Dowent's claim it never meant to cancel the Efpar escrow was "a fabrication made in bad faith" and that the decision to reengage with Efpar was only made after the opening of the Zander escrow and in response to Efpar's threat to file a lawsuit.  As such, it is arguable leave to amend was properly denied under the sham pleading doctrine:  "[T]he trial court has discretion to deny leave to amend when the proposed amendment omits or contradicts harmful facts pleaded in a prior pleading unless a showing is made of mistake or other sufficient excuse for changing the facts.  Absent such a showing, the proposed pleading may be treated as a sham."  (*Sanai v. Saltz* (2009) 170 Cal.App.4th 746, 768; accord, *Falcon v. Long Beach Genetics, Inc*. (2014) 224 Cal.App.4th 1263, 1281, 1282 ["under the sham pleading doctrine, the trial court may disregard amendments that omit harmful allegations in the original complaint or add allegations inconsistent with it"; "[t]he trial court could reasonably conclude that any amendment was inconsistent with plaintiffs' theory of the case, and reject it on that basis"]; see *Reichert v. General Ins. Co*. (1968) 68 Cal.2d 822, 836.)

Before denying leave to amend by invoking the sham pleading doctrine, however, Zander must be provided an opportunity to explain the proposed changes:  "'The sham pleading doctrine is not "'intended to prevent honest complainants from correcting erroneous allegations . . . or to prevent correction of ambiguous facts.'"  [Citation.] Instead, it is intended to enable courts "'to prevent an abuse of process.'"  [Citation.]' [Citations.]  Plaintiffs therefore may avoid the effect of the sham pleading doctrine by alleging an explanation for the conflicts between the pleadings."  (*Larson v. UHS of*

---

[3]   That Zander proposes to add not only new factual allegations but also new legal theories in an amended pleading is of no moment:  "[T]he appeal of a judgment of dismissal after sustaining of a demurrer without leave to amend requires the consideration of whether the allegations state a cause of action under any legal theory.  [Citation.] Under these circumstances, new theories may be advanced for the first time on appeal." (*Grinzi v. San Diego Hospice Corp.* (2004) 120 Cal.App.4th 72, 85; accord, *Linda Vista Village San Diego Homeowners Assn., Inc. v. Tecolote Investors, LLC* (2015) 234 Cal.App.4th 166, 180.)

10

*Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 344; see *Vallejo Development Co. v. Beck Development Co.* (1994) 24 Cal.App.4th 929, 934 ["any inconsistencies with prior pleadings must be explained; if the pleader fails to do so, the court may disregard the inconsistent allegations"]; see also *Deveny v. Entropin, Inc*. (2006) 139 Cal.App.4th 408, 426 ["the party who made the pleadings must be allowed to explain the changes"].)  The determination whether Zander has a plausible explanation for the inconsistency between his proposed amendment and his prior pleading is properly made by the trial court in the first instance.  Accordingly, we reverse the order of dismissal and remand for the trial court to consider whether Zander should be allowed to file a second amended complaint alleging causes of action against the selling brokers based on their intentional or negligent misrepresentation or concealment of facts relating to Dowent's cancellation of the Efpar escrow or whether leave to amend is properly denied on the ground the proposed new allegations should be disregarded under the sham pleading doctrine.

## DISPOSITION

The order of dismissal is reversed, and the matter remanded for further proceedings not inconsistent with this opinion.  The parties are to bear their own costs on appeal.


PERLUSS, P. J.


We concur:


ZELON, J.



SEGAL, J.


11